McKinney, J.,
delivered the opinion of the Court.
*399 This was an agreed case. The material facts are these: On the 29th of March, 1855, the Bank of Tennessee made an agreement with the plaintiff, which was evidenced by the following written instrument, viz:
“Received of Mr. Hannum, his draft, as administrator of E. Howard, dec’d, on Messrs. Oxley & Co., London, for ¿612,042, 7s. 3d., for proceeds of sales, of which, in New York, we allow current rates of exchange, and interest upon the amount from day of receipt of sale.
“ C. Johnson, Prest.”
On the 12th of April, 1855, the Bank received the proceeds of the draft, amounting to $59,145.36, and placed the same to the credit of plaintiff. Several checks were subsequently drawn by plaintiff on the Bank, from time to time, for portions of said fund, which were paid. In April, 1860, the plaintiff called on the Bank for a settlement, and payment of the balance, with interest thereon, according to the terms of the contract; but the Bank refused to allow interest after the 1st day of May, 1848, when the Code took effect, by a provision of which, (sec. 1816,) it is enacted, that “no Bank shall pay any interest, or other compensation, in consideration of depositsIt is agreed, that no notice was given to the plaintiff, until April, 1860, that the Bank would no longer pay interest, as by the original contract it had agreed to.
The Circuit Judge held, that, by the provision of the Code referred to, the Bank was exonerated from the obligation of its contract to pay interest on the deposit, alter the 1st of May, 1848; and the only question is, did the Court err in thus holding?
*400 The argument for the Bank is, that the contract was annulled by the subsequent Act-of the Legislature.
It is certainly an established doctrine of the common law, that if one agrees or covenants to do an act which it was lawful for him to do at the time of the contract, and an Act of Parliament comes after, making it unlawful, the Statute repeals and avoids the covenant or agreement: 1 Ld. Raymond, 317, 321; 1 Salk, 198. See, also, Parsons on Contracts, vol. 2, 186; 5 Cowan Rep., 538.
Whether or not this doctrine of the common law can be reconciled with the provision of our State Constitution, (Art. 1, Sec. 20,) which declares “ that no retrospective law, or law impairing the obligation of contracts, shall be made,” is a question not absolutely necessary to the determination of the present case; for we feel very clear, that, both upon principle and authority, the provision of the Code cannot be construed to have a retrospective effect, and that its operation must be limited to contracts made after its passage.
To avoid misapprehension, however, in regard to our views, we unhesitatingly express the opinion, that to give the enactment in question such a construction as to make it operate upon past contracts, would be to bring it directly in conflict with the provision of the Constitution above referred to. We concur with Mr. Kent, that a retrospective Statute, effecting and changing vested rights, is founded on unconstitutional principles, and consequently, inoperative and void: 1 Com., (9th ed.,) 508. This doctrine, however, does not, in general, apply to remedial Statutes, which may bo of a retrospective nature, provided they do not impair contracts, or disturb *401 absolute vested rights, and only go to confirm rights already existing, and in furtherance of the remedy, by curing defects, and adding to the means of enforcing existing obligations: Ibid, and note.
Tiie doctrine that a Statute is not to have a retrospective effect, is clearly shown, (in the very elaborate case of Dash vs. Van Kleeck, 7 Johns. Rep., 477,) to be founded not only in the jurisprudence of England, but upon principles of general law. In his opinion in that case, Mr. Ch. J. Kent, says: “It is a principle in the English common law, as ancient as the law itself, that a Statute, even of its own omnipotent Parliament, is not to have a retrospective effect.” For which he cites numerous ancient standard authorities, as well as modern. Lord Bacon lays it down, that no Statute is to have a retrospect beyond the time of its commencement: 6 Bac. Abr., 370; 2 Inst., 292; 2 Mad., 310, 228; Duarris on Statutes, 680. Mr. Blackstone regards it as a first principle, that all laws are to commence in future, and operate prospectively : 1 Comm., 44.
This principle received an impressive recognition in the Court of King’s Bench, in giving a construction to the Statute of frauds, (29 Charles 2, ch. 3,) which enacted, that “from and after the 24th of June, 1677, no action should be brought to charge any person upon any agreement; &c., unless such agreement be in writing.” After the passage of this Statute, a suit was brought upon a parol promise made before, but to be performed after, the day specified in the Statute, and the Court agreed unanimously, that the Statute could not have a retrospective effect, so as to take away a right of action *402 to which a party was previously entitled; that it could only apply to parol promises made after the day mentioned in the Statute j that the opposite construction would make the law repugnant to common justice: See 2. Shower, 17; 4 Burr., 2460.
This doctrine has been adhered to, generally and steadfastly, in England; and it is to be found incorporated, as a fundamental principle, in the jurisprudence of the most enlightened and civilized Stages, ancient and modern ; and this, by force of its intrinsic reason and justice, and not because of any positive constitutional prohibition, to the contrary.
The principle has likewise been adhered to in this country with great uniformity of decision: See Sedgwick on Stat. & Com. Law, 188, 406; 7 Johns. Rep., 477; 3., Dall. Rep., 391, and cases referred to. And the soundness of this principle of interpretation, is sufficiently supported, by the- most obvious principles of reason and justice, wherever past contracts or vested rights are involved, and from the positive restrictions imposed by the State and Federal Constitutions.
It is repugnant to every man’s common sense and reason, and sense of justice, that a contract or promise sanctioned by the existing law, and vesting the parties with positive legal rights, when made, should be annulled and rendered inoperative by a subsequent law. As has been justly remarked by Oh. J. Kent, there is no distinction, in principle, between a law punishing a person criminally for a past innocent act, or punishing him civilly, by divesting him of a lawfully acquired right. The very essence of a new law, (as said by the same distinguished Judge,) is a rule for future cases. And, *403 therefore, even in cases involving no question as to the inviolability of past agreements, or previously acquired rights, the authorities concur that a Statute ought never to receive such a construction as would make it operate retrospectively, if it be susceptible of any other. Iu such case, it is said, we are to presume, out of respect to the law-giver, that it was not intended that the Statute should have a retrospective operation.
The case before us furnishes a forcible illustration of the wisdom and justice of the principle we have been considering, and of the constitutional restriction imposed upon the Legislature.
The contract in the present case was sanctioned by the then existing law. By implication of law, the Bank was bound to continue to pay interest so long as it retained the deposit, or, at least, until it gave notice to Hannum of its determination to put an end to the agreement. This being so, it would be manifestly unjust, and subversive of general principles of law, as well as of the Constitution, to give the Statute such a construction as would make it defeat the right previously vested.
We, therefore, hold that the provision of the Code has no application to the case — its operation being confined to deposits made after the 1st day of May, 1858, when the Code took effect.
Judgment reversed.